UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PROGRESS BULK CARRIERS LIMITED and :
MED BROKERAGE AND MANAGEMENT
CORPORATION LIMITED, :

                     Plaintiffs, :

    - against - :

SNTM CNAN a/k/a SICIETE NATIONALE DE :
TRANSPORTS MARITIMES, SOCIETE
NATIONALE DE TRANSPORTES MARITIMES, :
CNAN GROUP SPA or COMPAGNIE
NATIONALE DE NAVIGATION, :

                     Defendant. :
------------------------------------------------------------X



JUDGE LEISURE
07 CV 155

RECEIVED
JAN 09 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiffs, PROGRESS BULK CARRIERS LIMITED (hereinafter "Progress Bulk") and MED BROKERAGE AND MANAGEMENT CORPORATION LIMITED (hereinafter "Med Brokerage") (collectively referred to as "Plaintiffs"), by and through their attorneys, Tisdale & Lennon, LLC, as and for their Verified Complaint against the Defendant SNTM CNAN a/k/a SOCIETE NATIONALE DE TRANSPORTES MARITIMES, SICIETE NATIONALE DE TRANSPORTS MARITIMES, CNAN GROUP SPA or COMPAGNIE NATIONALE DE NAVIGATION (hereinafter referred to as Defendant or "CNAN"), allege, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

    2.    At all times material to this action, Plaintiff Progress Bulk was, and still is, a foreign company duly organized and existing under the laws of the Bahamas.

3. At all times material to this action, Plaintiff Med Brokerage was, and still is, a domestic company duly organized and existing under the laws of New York and was at all material times the managing agent for Plaintiff Progress Bulk.

4. Upon information and belief, Defendant CNAN was, and still is, a foreign corporation or other business entity organized under and existing by virtue of the laws of Algeria.

### AS AND FOR THE FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS AGAINST DEFENDANT

5. Paragraphs One through Four are hereby incorporated as Paragraphs Five through Eight and made part hereof as if more fully set forth herein.

9. Defendant CNAN was at all material times the Owner of the motor vessel "HADJAR."

10. Plaintiff Progress Bulk was at all material times the Charterer of the M/V "HADJAR."

11. By a charter party dated January 8, 2004, Plaintiff Progress Bulk chartered the M/V "HADJAR" from the Defendant.

12. Certain disputes arose between the parties regarding Defendant's failure to present/provide the M/V "HADYAR" at dry dock in Tuzia in breach of the charter party contract.

13. As a result of Defendant's breach of the charter party contract, Plaintiff Progress Bulk has and will continue to suffer losses in the total principal sum of $18,223,500.00, as best can now be estimated, exclusive of interest, reasonable attorneys fees and arbitration expenses.

14. Pursuant to clause 48 of the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English law to apply.

15. Despite due demand, Defendant failed to pay the amounts due and owing under the charter party. As a result, Plaintiffs have commenced arbitration proceedings on the claims had herein.

16. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English law. As best as can now be estimated, Plaintiff Progress Bulk expects to recover the following amounts under the final arbitration award:

|   |   |   |
|---|---|---|
| A. | Principal claim: | $18,223,500.00 |
| B. | Estimated interest on principal claim; Approx. 4 years at 3%, compounded quarterly: | $2,200,908.87 |
| C. | Attorney's fees and arbitration expenses: | $1,500,000.00 |
| **Total** | | **$21,924,408.87** |

17. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, American Express Bank, ABN-AMRO Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank which are believed to be due and owing to the Defendant.

18. The Plaintiffs seek an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant, held by

the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiffs' claims as described above.

### AS AND FOR THE SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF PROGRESS BULK AGAINST DEFENDANT

19. Paragraphs One through Four are hereby incorporated as Paragraphs Nineteen through Twenty-Two and made part hereof as if more fully set forth herein.

23. Defendant was at all material times the Owner of the motor vessel "NEMEMCHA."

24. Plaintiff Progress Bulk was at all material times the Charterer of the M/V "NEMEMCHA."

25. By a charter party dated July 12, 2002, Plaintiff Progress Bulk chartered the M/V "NEMEMCHA" from Defendant.

26. Certain disputes arose between the parties regarding Defendant's failure to properly deduct/pay off-hire and other expenses due and owing under the charter party.

27. As a result of Defendant's failure to pay/properly deduct the amounts due under the charter party, Plaintiff Progress Bulk has and will continue to suffer losses in the total principal sum of $201,389.40, as best can now be estimated, exclusive of interest, reasonable attorneys fees and arbitration expenses.

28. Pursuant to clause 48 of the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English law to apply.

29. Despite due demand, Defendant failed to pay the amounts due and owing under the charter party. As a result, Plaintiff Progress Bulk has or will soon commence arbitration proceedings on its claims.

30. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English law. As best as can now be estimated, Plaintiff Progress Bulk expects to recover the following amounts under the final arbitration award:

| | | |
|---|---|---:|
| A. | Principal claim: | $201,389.40 |
| B. | Estimated interest on principal claim; Approx. 4 years at 6%, compounded quarterly: | $54,212.54 |
| C. | Attorney's fees and arbitration expenses: | $50,000.00 |
| **Total** | | **$305,601.94** |

31. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, American Express Bank, ABN-AMRO Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank which are believed to be due and owing to the Defendant.

32. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant, held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff Progress Bulk's claims as described above.

**WHEREFORE**, Plaintiffs pray:

A.      That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.      That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, American Express Bank, ABN-AMRO Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank, which are due and owing to the Defendant, in the amount of **$22,230,010.81** to secure the Plaintiffs' claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.      That this Court recognize and confirm any arbitration award or judgment rendered on the claims had herein as a Judgment of this Court;

D.      That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E.      That the Plaintiffs have such other, further and different relief as the Court may deem just and proper.

Dated: January 9, 2006
New York, NY

                                        The Plaintiffs,
                                        PROGRESS BULK CARRIERS LIMITED and
                                        MED BROKERAGE AND MANAGEMENT
                                        CORPORATION LIMITED

By: _____
      Nancy R. Peterson (NP 2871)
      Patrick F. Lennon (PL 2162)
      TISDALE & LENNON, LLC
      11 West 42nd Street, Suite 900
      New York, NY 10036
      (212) 354-0025 (Phone)
      (212) 869-0067 (Fax)
      Npeterson@Tisdale-Lennon.com
      Plennon@Tisdale-Lennon.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )  ss.:  Town of Southport
County of Fairfield   )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Tisdale & Lennon, LLC, attorneys for the Plaintiffs.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiffs and agents and/or representatives of the Plaintiffs.

6. I am authorized to make this Verification on behalf of the Plaintiffs.

Dated:  Southport, Connecticut
        January 9, 2006

_____
Nancy R. Peterson